IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Terrell Rice, | C/A No. 0:14-270-RBH-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Paul Copenhave, | |
| Respondent. | |

The petitioner, Donald Terrell Rice ("Petitioner"), a self-represented prisoner confined at the United States Penitentiary-Atwater, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be transferred to the Eastern District of California.

**I.       Factual and Procedural Background**

The undersigned takes judicial notice of Petitioner's prior criminal proceeding in this court.[1] Petitioner is currently serving a 370-month sentence after pleading guilty on December 20, 1999 to violations of 18 U.S.C. §§ 1951(a), 924(c)(1), and 922(g)(1). See United States v. Rice, 7:99-cr-902-1 (D.S.C.). On April 6, 2001, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which the court denied. See Rice v. United States, 7:01-cv-1913-MBS (D.S.C.). Petitioner has also filed a previous motion under § 2241 with this court, in 2006, which the court transferred to the Western District of Virginia, where Petitioner was then incarcerated. See

---

[1] This court may take judicial notice of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files).



Rice v. United States, 9:06-cv-1741-MBS (D.S.C.); see also Rice v. O'Brien, 7:06-cv-00464-SGW (W.D. Va.).  In the case *sub judice*, Petitioner claims "actual innocence" of violating 18 U.S.C. § 922(g)(1) in light of Miller v. United States, 735 F.3d 141 (4th Cir. 2013).  (ECF No. 1 at 2.)  Petitioner asks that his conviction under 18 U.S.C. § 922(g)(1) be vacated and that he be re-sentenced accordingly.  (ECF No. 1-2 at 11.)

**II.    Discussion**

  **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing Section 2254 Cases[2]; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When

---

[2] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241.  See Rule 1(b), 28 U.S.C.  foll. § 2254.



a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1995).

B.     Analysis

Under established precedent, a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district that can acquire *in personam* jurisdiction of the petitioner's custodian. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494–500 (1973); United States v. Lynch, 647 F. Supp. 1293, 1296–97 (D.S.C. 1986). This court, a federal court within the state of South Carolina, cannot obtain *in personam* jurisdiction over Petitioner's custodian because his current custodian and the only proper respondent in this case is located in the Eastern District of California and is subject to service in that district only. See Norris v. Georgia, 522 F.2d 1006, 1010–14 (4th Cir. 1975) ("Absent [the authorization provided by Federal Rule of Civil Procedure 4(e)] by a specific federal statute, the court has no 'blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'") (citation omitted). As a

result, this case should be transferred to the Eastern District of California for further processing. No recommendation on the merits of the Petition is made herein.

### III.    Conclusion

Accordingly, the court recommends that this matter be transferred to the United States District Court for the Eastern District of California, and that all outstanding motions be decided by that court.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 12, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).