# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD TERRELL RICE,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVE, WARDEN,<br><br>Respondent. | Case No. 1:14-CV-00581-SMS  HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING ANY OTHER PENDING MOTIONS AS MOOT.<br><br>(DOC. NOS. 1, 3) |

Petitioner Donald Terrell Rice is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed and filed by Petitioner on May 5, 2014.  *See* 28 U.S.C. 636(c)(1); Local Rule 305(b).  Pending before the Court is the petition, filed on March 3, 2014 (Doc. 1), and transferred to this Court from the United States District Court, District of South Carolina on April 22, 2014.  *See Rice v. Copenhave*, 0:14-CV-0270-RBH, 2014 WL 1600409 (D.S.C. Apr. 21, 2014).  Also before the court is Petitioner's Motion to Appoint Counsel filed February 4, 2014 (Doc. 3).

## BACKGROUND

Petitioner is currently serving a 370–month sentence after pleading guilty on December 20, 1999, to violations of 18 U.S.C. §§ 1951(a), 924(c)(1), and 922(g) (1).  *See United States v. Rice,*

1

7:99–CR–902–1 (D.S.C.). On April 6, 2001, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence, which the Court denied. *See Rice v. United States,* 7:01–CV–1913–MBS (D.S.C.). In 2006, Petitioner filed a motion under § 2241 with the United States District Court, District of South Carolina, which the Court transferred to the Western District of Virginia where Petitioner was then incarcerated. *See Rice v. United States,* 9:06–CV–1741–MBS (D.S.C.). The Court dismissed Petitioner's previous claims, based on the uniform commercial code, as frivolous. *See Rice v. O'Brien,* 7:06–CV–00464–SGW (W.D.Va.).

In the instant case, Petitioner maintains that he is actually innocent of violating 18 U.S.C. § 922(g)(1) and that, subsequent to his first habeas action, there has been an intervening change in the law. In light of *Miller v. United States,* 735 F.3d 141 (4th Cir. 2013), Petitioner asks that his conviction under 18 U.S.C. § 922(g)(1) be vacated and that he be resentenced accordingly.

## DISCUSSION

**I.     Screening the Petition**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Jeffries v. Wood,* 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 cases in the United States District Courts (Habeas Rules) are applicable to habeas actions brought under Section 2241. *See* Rule 1(b), 28 U.S.C. foll. § 2254. Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition: (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief

2

requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski,* 915 F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks,* 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; *see Herbst v. Cook,* 260 F.3d 1039, 1042–43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir. 1971).

## II.     Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988). A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *Stephens*, 464 F.3d at 897 (same); *Tripati,* 843 F.2d at 1162 (same). In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. *Hernandez,* 204 F.3d at 864; *Tripati,* 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Capaldi*

3

*v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Tubwell,* 37 F.3d 175, 177 (5th Cir. 1994); *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 5 (2nd Cir. 1991); *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir. 1991); *Barden v. Keohane,* 921 F.2d 476, 478–79 (3rd Cir. 1991); *United States v. Hutchings,* 835 F.2d 185, 186–87 (8th Cir. 1987); *Brown v. United States,* 610 F.2d 672, 677 (9th Cir. 1990).

Here, Petitioner is challenging the validity and constitutionality of a federal conviction. Therefore, should the Petitioner wish to pursue his claims in federal court, the appropriate procedure would be to file a Section 2255 motion in the sentencing court.

On this basis, the Court concludes that the petition must be dismissed.

**A. Savings Clause**

By his petition, Rice argues that this Court has jurisdiction under Section 2241 because the remedy under a Section 2255 motion would be inadequate or ineffective. Although the Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under Section 2255 to seek relief under Section 2241, a petitioner may do so only if the remedy by Section 2255 motion is "inadequate or ineffective to test the validity of his detention." *Alaimalo v. United States,* 636 F.3d 1092, 1096 (9th Cir. 2011), *citing Harrison v. Ollison,* 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." *Id.* Section 2255 petitions are rarely found to be inadequate or ineffective. *See, e.g., Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); *Tripati,* 843 F.2d at 1162–63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); *see also Williams v. Heritage,* 250 F.2d 390 (9th Cir. 1957); *Hildebrandt v. Swope,* 229 F.2d 582 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has established two requirements in this circumstance, "[holding] that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of

4

actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens,* 464 F.3d at 898.

Petitioner is challenging the validity and constitutionality of a conviction imposed by a federal court. As the Court has already established, the appropriate procedure would be to file a motion pursuant to Section 2255 in the sentencing court, not a habeas petition pursuant to Section 2241 in this Court. Petitioner argues, however, that Section 2255 remedies are inadequate and ineffective because the sentencing court denied his previously filed Section 2255 motion, and would do so again. Alternatively, he argues that, were he to pursue a Section 2255 motion, it would not withstand the gatekeeping provisions.

Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see Harrison v. Ollison,* 519 F.3d 952, 955 (9th Cir. 2008).

Here, Petitioner argues that a change in the law forms a basis for finding that the Court has authority to hear his Section 2241 petition. Petitioner seeks relief pursuant to the holding the United States Court of Appeals for the Fourth Circuit in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), which addressed the requisite factors for a state law conviction to qualify as a "felony drug offense" under 21 U.S.C. § 851. In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense] the individual defendant must have been convicted of an offense for which that defendant could have been sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243. The Fourth

Circuit recently published an opinion concluding that the holding in *Simmons* is retroactively applicable to cases on collateral review. *Miller v. United States,* 735 F.3d 141 (4th Cir. 2013).

Relying on *Miller*, *supra*, Petitioner challenges his conviction pursuant to Title 18 § 922(g)(1), for being a Felon in Possession of a Firearm. Petitioner contends that, like Miller, he is actually innocent of that crime because the prior state conviction for which he was sentenced to and served less than one year, does not qualify as a predicate offense for purposes of federal law. Under Title 18 § 922(g) (1), it is unlawful for a person to possess a firearm if he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." Petitioner argues that at the time he was charged with violating § 922(g)(1), he had not previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, a requisite element of the offense.

In the context of a Section 2241 motion, Petitioner's arguments fail for several reasons. First, the decisions in *Simmons* and *Miller* are not Supreme Court decisions or Ninth Circuit decisions, but are Fourth Circuit decisions. As such, they are not binding authority on this Court and do not create a new rule of constitutional law.

Second, Petitioner claims that his sentence for the predicate offense did not exceed one year, but fails to illustrate whether the potential sentence – as applied to him – could have exceeded one year. Petitioner fails to argue a claim of "actual innocence" with sufficient detail. In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In *Bousley,* the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley,* 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable

6

juror" would have convicted him. *Lorentsen v. Hood,* 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Under the savings clause, Petitioner must demonstrate that he is factually innocent of the crime of conviction. *See Ivy v. Pontesso,* 328 F.3d, 1057 1060 (9th Cir. 2003); *Lorentsen,* 223 F.3d at 954. In this case, Petitioner makes the proper assertion that he is factually innocent of the crime for which he was convicted, and does not merely challenge the sentence imposed. However, the record is insufficiently developed to support Petitioner's claim that at the time Petitioner pleaded guilty to Title 18 U.S.C. § 922(g)(1) and he was sentenced, Petitioner could not have received more than one year in prison for the predicate offense. The facts may well exist to support Petitioner's claims, but they have not been presented with adequate detail. Specifically, the question remains whether, within the context of the sentencing guidelines as applied to the Petitioner (for Criminal Conspiracy under indictment No. 96-GS-42-5070, the prior conviction relied upon to support the § 922(g)(1) charge), Petitioner could have been sentenced for a term in excess of one year.

This Court acknowledges that it may be "clear" to the *Simmons* Court that prior convictions in these circumstances "do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of a 922(g)(1) offense of which they were convicted." *Simmons,* 649 F.3d at 4. This Court also recognizes that the Fourth Circuit has recently held in *Miller* that *Simmons* established a new substantive rule which is retroactively applicable on collateral review. *Miller v. United States,* 735 F.3d 141 (4th Cir. 2013).

*Miller* is on point. The United States District Court for the Western District of North Carolina convicted Miller "for violating 18 U.S.C. § 922(g)(1)-possession of a firearm by a convicted felon." *Id.* at 142. Miller's two prior convictions were under North Carolina law for felony

7

possession of cocaine and threatening a court officer. *Id.* at 143. Notably, "Pursuant to North Carolina's Structured Sentencing Act, the maximum sentence that Miller could have received for either offense-based on his prior record level-was eight months." *Id.* The Fourth Circuit decided *Simmons*, *supra*, after Miller's conviction. Under *Simmons*, which he contended applied retroactively, Miller moved to vacate under 28 U.S.C. § 2255, arguing that "he was innocent of the firearm offense." *Id.* at 142. The Fourth Circuit found that, "[a]fter *Simmons,* an individual is not prohibited from possessing a firearm unless *he* could have received a sentence of more than one year for at least one of his prior convictions"; it is no longer relevant whether "a hypothetical defendant charged with the same crime could have received more than one year in prison." *Id.* at 145 (emphasis added). Thus, "*Simmons* requires the court to look at how much prison time the defendant was exposed to given his own criminal history at the time he was sentenced and any aggravating factors that were actually alleged against him." *Id.* at 146. Additionally, when "felony convictions do not qualify as predicate felonies for purposes of federal law, . . . those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted." *Id.* Concluding that "*Simmons* announced a new substantive rule that is retroactive on collateral review," the Fourth Circuit "vacate[d] Miller's conviction and remanded with instructions to the district court to grant his petition." *Id.* at 147.

These cases are compelling and present parallel factual circumstances. However, Fourth Circuit case law is not controlling precedent for this Court and does not create a new constitutional rule, which is necessary to satisfy the savings clause.

Third, to the extent that based on his previous experience Petitioner believes that a circuit court would deny his successive motion, it does not render such relief inadequate or ineffective. Petitioner indicates that he has not yet sought or been granted permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion with regard to this claim. *See* 28 U.S.C. § 2255. And even if Petitioner could demonstrate that he was unable to meet

8

the statutory requirements for filing a successive Section 2255 motion, it does not automatically render that remedy inadequate or ineffective. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence).

Petitioner hypothesizes that his successive Section 2255 motion would fail to satisfy the gatekeeping provisions under Section 2255. To the extent Petitioner argues that his only remedy is to pursue a claim via a habeas petition pursuant to Section 2241 because, he predicts, a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, this argument is unavailing. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." *Lorentsen,* 223 F.3d at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not *per se* make § 2255 'inadequate or ineffective' "); *see also United States v. Valdez–Pacheco,* 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); *Moore,* 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); *Tripati,* 843 F.2d at 1162–63.

Petitioner is perhaps too pessimistic. Since Petitioner filed a petition with this Court, the Fourth Circuit published its decision in *Whiteside v. United States*, 748 F.3d 541, 543 (4th Cir. 2014), where the Court opines:

> [this case] presents the question of whether a federal inmate may use a 28 U.S.C. § 2255 motion to challenge a sentence that was based on the career offender enhancement under the United States Sentencing Guidelines when subsequent case law reveals the enhancement to be inapplicable to him. We find that he may, and in doing so hold that the mistake results in a fundamental miscarriage of justice that is cognizable on collateral review.

*Id.* at 543.  The Fourth Circuit granted a certificate of appealability, vacated the petitioner's sentence, and remanded the case for resentencing. *Id.* at 543.  As controlling precedent in the Circuit Court of Appeals for the Fourth Circuit, *Whiteside* is significant because of the likely impact it has on Petitioner's ability to satisfy Section 2255's gatekeeping provisions in Petitioner's sentencing court.  Like Petitioner, Whiteside pleaded guilty to an offense, thereby waiving his right to collaterally attack the sentence.  However, the Fourth Circuit found that, similar to Petitioner's argument here, "[i]t is undisputed that under *Simmons,* Whiteside's predicate convictions were not punishable by more than a year in prison, and were he sentenced today he would not be subject to either the career offender enhancement or the twenty-year statutory minimum penalty." *Id.* at 544.  The Court held that by entering the plea agreement, Whiteside did not waive his right to collaterally attack his sentence in light of the new substantive and retroactive rule of law; the one-year limitations period for motions to vacate, set aside, or correct sentence would be equitably tolled; as matter of first impression, an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review; and the defendant could use motion to vacate, set aside, or correct sentence to challenge sentence based on erroneous application of career offender enhancement. *Id.*

Based on the foregoing, and despite (but also because of) the potential merits of Petitioner's claims of actual innocence, the Court finds that Petitioner has not demonstrated that Section 2255 remedies are "inadequate or ineffective" as to his claims.  Indeed, as Petitioner highlights in his petition, other petitioners have brought similar motions with some success in Petitioner's court of conviction, the United States District Court for the District of South Carolina, as well as the Fourth Circuit.  Moreover, recent case law exists which demonstrates that petitioners in similar

circumstances have been successful in their Section 2255 motions, notwithstanding gatekeeping issues. The Court concludes that the proper avenue for raising Petitioner's claims is a successive Section 2255 motion in the sentencing court, not a Section 2241 motion in the custodial court. *See Hernandez*, 204 F.3d at 865.

For all of these reasons, the Court concludes that the petition should be dismissed for lack of jurisdiction.

### III.  Procedure

This case was recently transferred from the District of South Carolina to this Court on the basis of jurisdiction. *See Rice v. Copenhave*, 0:14-CV-0270-RBH, 2014 WL 1600409 (D.S.C. Apr. 21, 2014). The Court understands that its decision to dismiss the petition for lack of jurisdiction may cause the Petitioner some confusion.

   A.  Section 2255 Motion

*Miller* and its progeny support the Court's conclusion that it lacks jurisdiction and that the appropriate procedural path for Petitioner is, if he chooses, to file a successive Section 2255 motion. *See, e.g., Miller*, *supra* at 142 (granting petitioner's motion to vacate under 28 U.S.C. § 2255, finding that *Simmons* created a new substantive rule which applied retroactively, thus, petitioner "was innocent of the firearm offense"); *Audrey v. United States*, 5:12-CV-000126-RLV, 2014 WL 200322 (W.D.N.C. Jan. 16, 2014) (on petitioner's pro se motion to vacate his sentence under 28 U.S.C. § 2255, holding that in light of *Miller*, defendant's prior state conviction was not a prior felony conviction that could serve as the basis for a recidivist enhancement of the defendant's subsequent conviction, where the defendant was sentenced to a term of imprisonment of less than 1-year for the prior conviction); *Castle v. United States*, 5:12-CV-000175-RLV, 2014 WL 200366 (W.D.N.C. Jan. 16, 2014) (same); *Kincaid v. United States*, 5:12-CV-00166-RLV, 2014 WL 1513129 (W.D.N.C. Apr. 16, 2014) (same). Similarly, Petitioner brings a successive challenge to the validity and constitutionality of a conviction, in this case Title 18 U.S.C. 922(g)(1) or Felon in

11

Possession of a Firearm, for which a prior conviction, retroactively, no longer qualifies as a predicate offense.[1] *See United States v. Rice*, 103 F. App'x 729 (4th Cir. 2004) (denying a certificate of appealability to appeal district court's order denying relief on Petitioner's 2255 motion).

### B. To File a Successive Motion

If Petitioner chooses to undertake a successive Section 2255 motion, under AEDPA, he should note that a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. *See* 28 U.S.C. § 2244(b)(1). The district court must dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that: (1) the claim rests on a new, retroactive, constitutional right; or, (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

This Court cannot advance the ball on the successive petition issue because it is not for the district court to decide whether a successive petition meets the requirements. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A).

In other words, before Petitioner can file a second or successive petition in the court of conviction, he must obtain leave from the Fourth Circuit. *See Felker v. Turpin,* 518 U.S. 651, 656–57, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

### C. Providing Factual Detail

If Petitioner chooses to file a successive Section 2255 petition, he may avoid future delays by providing adequate facts to support his argument. Facts in the instant case are nearly identical to a

---

[1] The Court may take judicial notice of court records. Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993); *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 635 n. 1 (N.D.Cal. 1978), *aff'd,* 645 F.2d 699 (9th Cir. 1981).

12

case in the District of Maryland where *Miller* is controlling precedent, as it is for Petitioner's sentencing court. *See United States v. McCoy*, CRIM. PWG-01-211, 2014 WL 1370355 (D. Md. Apr. 7, 2014). The *McCoy* Court asked the parties to supplement the record because it lacked sufficient detail about the maximum sentence applicable to the petitioner relative to the predicate offense. In response to petitioner's claim of retroactive innocence of 18 U.S.C. 922(g)(1), the Court found that:

> the fact that the D.C. Superior Court did not sentence Defendant to more than a year of imprisonment does not mean that his prior conviction was not a crime for which the punishment could have been more than one year based on his own prior conviction history. Similarly, the fact that the statutory maximum for the offense of which he was convicted is greater than a year is not dispositive of the issue either. It is necessary to consider all relevant factors that were presented to the D.C. Superior Court for its decision at sentencing. Because the record before me does not contain the underlying information needed for this review, additional information must be provided.

*Id.* For purposes of judicial efficiency, should Petitioner proceed with a successive Section 2255 petition, he should, if he has it, include information about the maximum sentence he could have gotten for the prior conviction relied upon to support the § 922(g)(1) charge (Criminal Conspiracy under indictment No. 96-GS-42-5070), specifically whether the crime was punishable by a term of imprisonment in excess of one year.

D. Naming a Proper Respondent

Petitioner named Paul Copenhave, Warden, as respondent. The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden of the United States Penitentiary–Atwater, where Petitioner is incarcerated, is Paul Copenhaven.[2]

A petitioner who is seeking habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. Habeas Rule 2(a); *Ortiz Sandoval v. Gomez,* 81 F.3d

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993); *Daniels–Hall v. National Education Association,* 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR ishttp://www.cdcr .ca.gov (accessed June 5, 2014).

891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992); *see also, Stanley v. California Supreme Court,* 21 F.3d at 360. However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate. *Ortiz–Sandoval,* 81 F.3d at 894; *Stanley,* 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. *See Smith v. Idaho,* 392 F.3d 350, 355 n. 3 (9th Cir. 2004). This Court must ask *sua sponte* whether the respondent who is named has the power to order the petitioner's release. If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief. *Id.*

Petitioner should, in the future, name a proper defendant and correctly spell his name (e.g. Paul Copenhave<u>n</u>, not Paul Copenhave).

## IV.     Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S .C. § 2253(c)(1)(A); *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Habeas Rule 11(a). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further. *Miller–El v. Cockrell,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. *Id.* An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. *Miller–El v. Cockrell,* 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

**V.     Conclusion and Order**

In sum, (1) this Court does not have jurisdiction because Petitioner is challenging a federal conviction, the proper remedy for which is a Section 2255 motion in the sentencing court; (2) because Petitioner has previously filed a Section 2255 motion, if he chooses to proceed in challenging his conviction he must first ask the Court of Appeals for the Fourth Circuit for leave to file a successive Section 2255 motion; (3) if granted leave to do so, the appropriate court in which to file Petitioner's Section 2255 motion is Petitioner's original sentencing court, the United States District Court for the District of South Carolina. For the foregoing reasons,

//

//

15

It is **HEREBY ORDERED** that Petitioner Donald Terrell Rice's petition for writ of habeas corpus (Doc. 1) is **DISMISSED**;

It is **FURTHER ORDERED** that any other pending motions are **DISMISSED AS MOOT**;

Further, the Clerk of the Court is **DIRECTED** to enter judgment and **CLOSE** the case; and

Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 27, 2014**                              **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE